United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-20856
Conference Calendar

---

DARRELL J. HARPER,

Plaintiff-Appellant,

versus

NANCY F. ATLAS; KEITH P. ELLISON,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-MC-351

---

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Darrell J. Harper moves to proceed in forma pauperis (IFP) to appeal the denial of IFP in the district court. A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3).

Harper has been permanently enjoined from filing suit in the Southern District of Texas without first obtaining the written

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permission of Judge Lynn Hughes and paying the filing fees for all of his earlier cases.  Harper v. City View, No. 4:02-CV-04126 (S.D. Tex. Dec. 23, 2002) (unpublished).  The injunction was motivated by Harper's history of filing frivolous lawsuits.  See Harper v. Hughes, No. 4:02-CV-03152 (S.D. Tex. July 22, 2002) (unpublished).  Such sanctions are authorized by the federal rules.  See FED. R. CIV. P. 11(c)(2).  Harper's insistence on filing lawsuits in the Southern District of Texas in flagrant disregard of the terms of the injunction supports a determination that the sanction was commensurate with the objected-to conduct. Harper therefore has failed to show that he will raise any nonfrivolous issues for appeal.  His IFP motion is therefore denied, and his appeal is dismissed as frivolous.  See 5TH CIR. R. 42.2; Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

We have twice warned Harper that the filing or prosecution of frivolous appeals would result in the imposition of sanctions. Harper v. Beck, No. 04-20782 (5th Cir. Aug. 16, 2005) (unpublished); Harper v. City of Houston, No. 04-20787 (5th Cir. June 21, 2005) (unpublished).  In light of yet another frivolous filing on his part, Harper is ordered to pay sanctions in the amount of $100, payable to the clerk of this court.  The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or appeal by Harper unless Harper submits proof of satisfaction of this sanction.  If Harper attempts to file any further notices

of appeal or original proceedings in this court without such proof the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged. This sanction is imposed in addition to all other sanctions currently in force against Harper.

IFP DENIED; APPEAL DISMISSED; SANCTION IMPOSED.